UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEREMY TEVEBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1177-SEB-DML |
| | ) | |
| THE CITY OF INDIANAPOLIS, acting by and through its Fire Department, BRIAN SANFORD, JAMES L. GREESON, and AL STOVAL, Individually and in their Official Capacities as Fire Chiefs, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' Motion to Dismiss [Docket No. 22], filed on July 24, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Jeremy Tevebaugh, brings his claim against Defendants, the City of Indianapolis ("the City"), acting by and through its Fire Department, and three individuals employed by the City, Brian Sanford, James Greeson, and Al Stoval, alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983, based on an allegedly discriminatory hiring process.

Defendants claim that Plaintiff's Amended Complaint is defective in the following ways: (1) Plaintiff's claims regarding the March 2006 hiring process are barred by the applicable statute of limitations; (2) Plaintiff's § 1981 claims are not allowable under law; (3) Plaintiff has not properly pled a Monell claim against the City; (4) Plaintiff has failed

to properly plead individual capacity claims against Mr. Sanford, Mr. Greeson, or Mr. Stoval; (5) Mr. Stoval is entitled to qualified immunity; and (6) Plaintiff's claim for reputation damages is unsupported by the Fourteenth Amendment to the United States Constitution or by any of the allegations in the Amended Complaint.[1]  For the reasons detailed in this entry, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendants' Motion to Dismiss.

## Factual Background

The City of Indianapolis maintains the Indianapolis Fire Department ("IFD"), which is established by Indianapolis Revised Code § 252-101 *et seq*.[2]  Mr. Tevebaugh alleges that the City sets the terms and conditions for the hiring and promotion of firefighters pursuant to Indianapolis Revised Code § 252-206 and that the City maintains a competitive promotions process whereby applicants for the merit rank of Private are screened, ranked, and selected.

---

[1] In his responsive briefing on this motion, Plaintiff concedes that he "does not bring an action for defamation." Pl.'s Resp. at 8.  Accordingly, we <u>GRANT</u> Defendants' Motion to Dismiss as to any defamation claim.

[2] Plaintiff references the sections of the Indianapolis Revised Code governing the IFD in his Complaint and Defendants attached the relevant provisions to their motion to dismiss.  A district court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss. <u>Newcomb v. Brennan</u>, 558 F.2d 825, 829 (7th Cir. 1977) (citation omitted).  Facts of common knowledge include matters of public record, such as city ordinances. <u>Demos v. City of Indianapolis</u>, 302 F.3d 698, 706 (7th Cir. 2002) (citing <u>id.</u>).  Thus, we hereby take judicial notice of the facts contained in Indianapolis Revised Code § 252-101 *et seq*., in ruling on this motion to dismiss.

At some point before March 2006, Mr. Tevebaugh applied for appointment to the position of Private. Mr. Tevebaugh contends that, although he ranked sufficiently high on the eligibility list to be appointed, Defendants instead appointed lower-ranked African-American and female candidates. According to Mr. Tevebaugh, Defendants formulated and maintain "a policy or practice [of] discrimination against whites in favor of black and female candidates in hiring firefighters." Am. Compl. ¶ 17. Mr. Tevebaugh further alleges that Defendants "consistently give preferential treatment to black and female candidates, offering them coaching in preparation for the written, oral, and physical agility tests that is not available to white male candidates." Id. ¶ 15. Mr. Tevebaugh claims that these allegedly discriminatory practices affected the rounds of hirings that occurred in March 2006 and June 2008.

Mr. Tevebaugh alleges that he has been damaged by Defendants' hiring policy and practice through the loss of pay, reputation, professional opportunities and experience, collegiality with fellow firemen, consortium with family members, and has suffered stress and emotional distress.

## Legal Analysis

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  Id.  "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[3]  Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

A party moving to dismiss nonetheless bears a weighty burden.  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

---

[3] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a).  Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

**II.     Discussion**

   **A.     Section 1981 Claims**

Defendants contend that Plaintiff's § 1981 claims must be dismissed because § 1981 does not provide a separate cause of action against local government entities.  In Jett v. Dallas Independent School District, 491 U.S. 701 (1989), the Supreme Court held that § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981.  Id. at 731-36.  Upon the enactment of the Civil Rights Act of 1991, which, in part, amended § 1981, courts were faced with the issue of whether these amendments overturned the holding in Jett.  Although the Seventh Circuit has not directly addressed this issue, this Court and the Northern District of Indiana as well as the majority of our sister circuits have held that the 1991 amendments do not affect the holding in Jett and that § 1983 remains the sole avenue of relief against state actors for alleged violations of § 1981.  E.g., McPhaul v. Bd. of Comm'rs of Madison County, 976 F. Supp. 1190, 1192-95 (S.D. Ind. 1997) (Barker, C.J.) (concluding that Jett was not overruled by the 1991 amendments); see also McGovern v. City of Philadelphia, 554 F.3d 114, 118-21 (3d Cir. 2009); Arendale v. City of Memphis, 519 F.3d 587, 598-99 (6th Cir. 2008), reh'g denied; Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1137 (10th Cir. 2006); Oden v. Oktibbeha County, 246 F.3d 458, 462-65 (5th Cir. 2001); Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995); Sims v. Fort Wayne Cmty. Schs., 2005 WL 3801461, at *8-*9 (N.D. Ind. Feb. 2, 2005).

We agree with the reasoning and analysis set forth in this line of cases, and

therefore, hold that Plaintiff's claims against Defendants for violation of the rights protected by § 1981 are redressible only under § 1983. In any event, Plaintiff failed to address this issue in his response brief in opposition to this motion, thus waiving any argument. See Palmer v. Marion County, 327 F.3d 588, 597-98 (7th Cir. 2003). For the foregoing reasons, we GRANT Defendants' Motion to Dismiss as to Plaintiff's § 1981 claims.

### B.     Statute of Limitations

Defendants contend that, to the extent that Mr. Tevebaugh is seeking redress for any § 1983 claims related to IFD's failure to hire him in March 2006, those claims are time-barred. Claims brought pursuant to § 1983 "are subject to the statute of limitations for personal injury claims of the state where the alleged injury occurred." Brademas v. Ind. Hous. Fin. Auth., 354 F.3d 681, 685 (7th Cir. 2004) (citations omitted). In Indiana, the applicable limitations period is two years. Id. Mr. Tevebaugh filed his initial complaint in this action on September 3, 2008.

Plaintiff's initial complaint included no allegation regarding the date or dates on which the allegedly discriminatory hiring decisions took place. On December 9, 2008, in granting Defendants' Motion for More Definite Statement [Docket No. 14], the Court ordered Plaintiff to amend his complaint "by providing a more definite statement as to . . . the specified time in which Plaintiff claims discrimination occurred." Docket No. 15. In his Amended Complaint, Plaintiff added the following paragraph addressing this issue:

"As a result of Defendants' discriminatory policy, Defendants hired less candidates for the rank of Private who were ranked lower on the eligibility list *in the round of hirings that occurred on or about March 2006 and June 2008*." Am. Compl. ¶ 18 (emphasis added). Defendants maintain that this language clearly reveals that Mr. Tevebaugh is alleging that the City subjected him to two discrete acts of discrimination,[4] first, when the IFD failed to hire him in March 2006, and again, when it failed to hire him in the June 2008 round of hiring. Defendants argue that, because March 2006 falls outside the applicable two-year statute of limitations period, any claim based on Defendants' allegedly discriminatory refusal to hire Mr. Tevebaugh on that date must be dismissed.

In his responsive brief in opposition to the instant motion, Mr. Tevebaugh concedes that "the discreet act complained of is a refusal to hire." Pl.'s Resp. at 3. However, he contends that the Amended Complaint does not specify the date on which that act occurred, but rather "merely states that the decision arose out of Tevebaugh's participation in the March 2006 hiring process." Id. Mr. Tevebaugh claims that, absent discovery, he is unable to determine the date on which the decision not to hire him was made because the municipal ordinance governing the hiring process provides that "[f]inal eligibility lists prepared as the result of an applicant screening process shall be in effect for two (2) years or until a new eligibility list for the next process is final, whichever

---

[4] It is well established under Seventh Circuit law that refusal to hire constitutes a discrete act of discrimination. E.g., Jackson v. City of Chicago, 552 F.3d 619, 623 (7th Cir. 2009) ("Examples of . . . discrete acts [of discrimination] are termination, failure to promote, denial of transfer, [and] refusal to hire.") (internal quotations omitted).

occurs sooner." Indianapolis Rev. Code § 252-202(e). The fire chief then appoints from the list as necessary to fill any vacancies. Id. § 252-203(a). Based on these provisions, Mr. Tevebaugh contends that it is likely that he remained eligible for hire until either March 2008 (the expiration of the two year period following the March 2006 eligibility list) or June 2008, when the new hiring process began, and thus, that the refusal to hire him occurred on either of those dates, both which are well within the limitations period.

We GRANT Defendants' Motion to Dismiss as to any claims related to the IFD's refusal to hire Mr. Tevebaugh in March 2006, or on any other date outside of the two year statute of limitations. However, the allegations contained in the Amended Complaint do not, at least at this point in the litigation, foreclose the possibility that Mr. Tevebaugh may still have claims stemming from any decision not to hire him allegedly made on or about June 2008, which would fall well within the applicable limitations period.

### C. Section 1983 Claim Against the City

Plaintiff's claim against the City[5] must be evaluated under Monell v. Department of Social Services of City of New York and its progeny, which elucidate the circumstances in which municipalities and other local government units can be held liable under § 1983. 436 U.S. 658 (1978). "[A] municipality cannot be held liable *solely*

---

[5] To the extent that Mr. Tevebaugh is also suing the individual defendants in their official capacities, such claims are redundant where, as here, the entity for which the individuals worked is itself named. See Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 765 (7th Cir. 2006) ("When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself.") (citations omitted).

because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691 (emphasis in original). Thus, "units of local government are responsible only for their policies rather than misconduct by their workers." Fairley v. Fermaint, 482 F.3d 897, 904 (7th Cir. 2007). To establish governmental liability, a plaintiff generally must produce evidence of:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007) (quoting Phelan v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006)). In order to be liable for a harmful custom or practice, the County must be shown to have been "deliberately indifferent as to [the] known or obvious consequences." Gable v. City of Chicago, 296 F.3d 531, 537 (7th Cir. 2002).

Here, Plaintiff contends that he has adequately pled a claim against the City because he has alleged both that the City has a "widespread, ongoing practice of skipping over higher-ranked white males to hire less qualified black and female candidates on the eligibility list," and that the decision not to hire him was made by an individual with "final decision making authority." Pl.'s Resp. at 6. We address these arguments in turn.

### 1. Widespread Practice or Custom

To establish a municipality custom for purposes of § 1983, "plaintiff must show 'a

widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with force of law.'" Montano v. City of Chicago, 535 F.3d 558, 570 (7th Cir. 2008) (quoting Gable, 296 F.3d at 537). In his amended complaint, Mr. Tevebaugh alleges that "Defendants consistently give preferential treatment to black and female candidates, offering them coaching in preparation for the written, oral, and physical agility tests that is not available to white male candidates." Am. Compl. ¶ 15. The amended complaint further alleges that "the Defendant City maintains a policy or practice [of] discrimination against whites in favor of black and female candidates in hiring firefighters." Id. ¶ 17. Mr. Tevebaugh claims that, though he "ranked high enough on the eligibility list to be appointed, Defendants instead appointed black and female candidates who were ranked lower on the eligibility list." Id. ¶ 14. Finally, Mr. Tevebaugh alleges that "[a]s a result of Defendants' discriminatory policy, Defendants hired less candidates for the rank of Private who were ranked lower on the eligibility list in the round of hirings that occurred on or about March 2006 and June 2008."[6] Id. ¶ 18.

The amended complaint bases its claim of a widespread custom or practice of the City on the fact that Mr. Tevebaugh was not hired for the position of Private on one, or at most, two separate occasions. In his brief in opposition to this motion, Mr. Tevebaugh

---

[6] Although, as written, this allegation does not support Mr. Tevebaugh's claim (i.e., the fact that *fewer* lower-ranked applicants were hired for the position of Private would appear to negate an allegation of discrimination), based on the other allegations in the amended complaint, we assume Mr. Tevebaugh intended to allege that Defendants hired *more* candidates for the position who were ranked lower on the final eligibility lists.

10

claims that he is alleging the existence of an "ongoing practice of skipping higher ranked candidates that has afflicted multiple individuals on multiple dates." Pl.'s Resp. at 7. However, the only allegations in the Amended Complaint that might help to support that contention are nothing more than bare and conclusory assertions that the City has a practice of discriminating against Caucasian males in its hiring decisions. The mere fact that the IFD Fire Chief chose not to hire Mr. Tevebaugh for the position of Private is insufficient to support an allegation that the City itself has a widespread practice or custom of discrimination. See Gustafson v. Jones, 117 F.3d 1015, 1021-22 (7th Cir. 1997) (holding that the transfer of two police officers was insufficient to support an allegation of a widespread practice of retaliatory discipline against the defendant city).

### 2. Final Policymaker

Alternatively, Mr. Tevebaugh claims that he has properly pled a claim against the City by alleging that his constitutional injury was caused by the acting Fire Chief, an individual with final policymaking authority. Mr. Tevebaugh contends that § 252-202(e) of the Indianapolis Revised Code vests the authority to appoint recruits to the rank of Private in the Chief of the IFD. However, that section actually provides in relevant part as follows:

> The *merit board* shall establish procedures for the management of the final eligibility lists. Any applicant who, personally or through any other person, solicits any member of the *merit board* to favor his appointment or reinstatement to the department shall be thereby rendered ineligible for any such appointment.

Ind. Rev. Code § 252-202(e) (emphasis added).

Section 252-203(a) the Revised Code does provide that the Fire Chief has the authority to select recruit trainees in sufficient numbers to fill vacancies. However, as Defendants argue, it is clear that the Fire Chief is not the individual making the policy; rather, the Revised Code provides that: "Any person, including persons seeking reappointment or reinstatement, shall be appointed to the city fire department in accordance with the merit selection and appointment procedure created by this section and such rules and regulations *as may be established by the merit board* in accordance with the provisions of this section." Ind. Rev. Code § 252-202(a) (emphasis added). Thus, it is the merit board who is responsible for establishing policies related to the merit selection and appointment procedures governing IFD hiring.

It is well-established under Seventh Circuit law that the "authority . . . to *set* policy – i.e., to adopt rules for the conduct of government – distinguishes a 'final policymaker,' whose decisions may subject a municipality to § 1983 liability, from an official who merely possesses 'authority to *implement* pre-existing rules.'" Waters v. City of Chicago, 580 F.3d 575, 582 (7th Cir. 2009) (quoting Argyropoulos v. City of Alton, 539 F.3d 724, 740 (7th Cir. 2008)) (emphasis in Argyropoulos). Here, under the plain language of the Indianapolis Revised Code, the Fire Chief has the authority only to *implement* the hiring procedures either set forth by that ordinance or such hiring policies that may subsequently be established by the merit board. Because the Fire Chief does not have the authority to *set* IFD hiring policies, he or she is not an individual with final policymaking authority

12

whose decisions may subject a municipality to liability under § 1983.

For the foregoing reasons, we hold that Plaintiff has failed to sufficiently allege a Monell claim against the City. Accordingly, we GRANT Defendant's Motion to Dismiss these claims.

### D. Section 1983 Claims Against Individual Defendants

Mr. Tevebaugh has also asserted claims against Defendants Stoval, Sanford, and Greeson in their individual capacities.[7] To prevail under § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An individual capacity suit requires a showing of personal involvement by the government actor in the deprivation of the constitutional right. Gentry v. Duckworth, 65 F.3d 555,

---

[7] We note that there is an inconsistency between the caption, which states that the individual defendants are sued "Individually and in their Official Capacities as Fire Chiefs," and the body of the Amended Complaint, which references the individual defendants in their official capacities only. Defendants contend that, as this inconsistency was not addressed as ordered by the Court in its ruling granting Defendants' Motion for More Definite Statement, the Court should conclude that the individual defendants are being sued solely in their official capacities. However, we have previously addressed this discrepancy in ruling on Defendants' Motion to Strike Plaintiff's request for punitive damages. See Docket No. 19. In that entry, we recognized that the inconsistency demonstrates an unfortunate lack of care in draftsmanship, but concluded that the fact that Defendants sought to strike Plaintiff's punitive damages claim was evidence that the Amended Complaint was adequate to, and had in fact, put Defendants on notice of individual capacity claims. In line with that ruling, we find that the Amended Complaint's request for punitive damages, which may only be recovered against government officials acting in their individual capacity, coupled with the caption and the rest of allegations in the Amended Complaint, to be sufficient indicia that Mr. Tevebaugh intended to name the individual defendants in their official as well as personal capacities.

561 (7th Cir. 1995) (citing Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Defendants contend that Mr. Tevebaugh's Amended Complaint fails to make sufficient allegations of personal involvement by the individual defendants in order to survive this motion to dismiss.

### 1. Defendant Stoval

Initially, we note that it is difficult to determine which defendants Mr. Tevebaugh is intending to refer to throughout the Amended Complaint because, beyond the section entitled "Parties," where Defendant Stoval is identified as "Assistant Fire Chief," and Defendants Sanford and Greeson are each identified as "Fire Chief," none of the individual defendants are mentioned by name in any of the factual allegations. This is especially problematic due to the fact that Mr. Tevebaugh refers at times to "Defendants" collectively and in another allegation to "the individual Defendant," without specification as to which individual defendant he is referring. However, at this stage the Court must view Mr. Tevebaugh's allegation in the light most favorable to him; therefore, we construe the allegations against "Defendants" as pertaining to each of the individually-named defendants.

Even making this assumption, the allegations against Defendant Stoval are insufficient to sustain a claim against him individually. The municipal ordinance governing the terms and conditions of IFD's hiring policies clearly states that only the Fire Chief has the authority to make appointments to fill vacancies. See Indianapolis

14

Rev. Code § 252-203(a).  Because Defendant Stoval is identified in the Amended Complaint as the Assistant Fire Chief, it is clear that the allegations which state that "Defendants . . . appointed black and female candidates who were ranked lower on the eligibility list," (Am. Compl. ¶ 14) and discriminated "against whites in favor of black and female candidates in hiring firefighters," (id. ¶ 17) cannot personally include Defendant Stoval because he did not have the authority to make hiring decisions or appointments.  Thus, we find that he did not have the ability to violate Mr. Tevebaugh's constitutional rights as alleged in the Amended Complaint.  Accordingly, we GRANT Defendants' Motion to Dismiss as to the claims against Defendant Stoval in his individual capacity.

### 2. Defendants Sanford and Greeson

Defendants Sanford and Greeson are both identified as Fire Chiefs in Mr. Tevebaugh's Amended Complaint.  It is undisputed that, while acting as Fire Chief, Defendants Sanford and Greeson had the authority and the responsibility to make appointments and other hiring decisions.  The Amended Complaint alleges that, while acting under the color of state law, Defendants Sanford and Greeson provided coaching to African-American and/or female candidates that was not available to Caucasian males, appointed African-American and/or female candidates for the position of Private who were ranked lower on the eligibility list than Mr. Tevebaugh, a Caucasian male, and made discriminatory hiring decisions in favor of African-American and female candidates.  Am.

Compl. ¶¶ 14-15, 17, 18.

It is true, as Defendants contend, that the mere fact that Defendants Sanford and Greeson had the authority to make hiring decisions, without specific allegations that Defendants acted intentionally to cause a deprivation of Mr. Tevebaugh's rights, is insufficient to state an individual capacity claim.  See Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986) ("[T]o establish a [§ 1983] claim against a supervisory official, there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act.").  However, viewing the facts in the light most favorable to Mr. Tevebaugh, as we are required to do at this stage in the litigation, it could be inferred from Mr. Tevebaugh's allegations claiming Defendants provided preferential treatment to African-American and female candidates to help them prepare for the eligibility tests, and then appointed lower ranked African-American and female candidates to the position of Private, that Defendants intended to discriminate against Caucasian males, including Mr. Tevebaugh, when they made their hiring decisions.  While it remains to be seen whether Mr. Tevebaugh can prove these allegations, he has alleged sufficient facts to survive Defendants' Motion to Dismiss. Accordingly, we **DENY** Defendants' Motion to Dismiss as to Plaintiff's claims against Defendants Sanford and Greeson in their individual capacities.

### III.    Conclusion

For the reasons detailed in this entry, we **GRANT** Defendants' Motion to Dismiss

as to: (1) Plaintiff's § 1981 claims; (2) any claims related to hiring decisions made outside the two-year statute of limitations; (3) Plaintiff's claims against the City; (4) Plaintiff's official capacity claims against Defendants Stoval, Sanford, and Greeson; and (5) Plaintiff's individual capacity claims against Defendant Stoval.  We **DENY** Defendants' Motion to Dismiss as to Plaintiff's claims against Defendants Sanford and Greeson in their individual capacities.

      IT IS SO ORDERED.

Date: _____03/15/2010_____         _____

                                                        SARAH EVANS BARKER, JUDGE
                                                        United States District Court
                                                        Southern District of Indiana

Copies to:

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Richard G. McDermott
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
rmcdermo@indygov.org

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com